1                       UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF OHIO

2                         EASTERN DIVISION

3

    UNITED STATES OF AMERICA,     Case No. 09CR400

4

              Plaintiff,

5                           September 30, 2009
        vs.

6

   SCOTT GRAHAM,

7

              Defendant.

8

9

10           TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS
         BEFORE THE HONORABLE GEORGE J. LIMBERT
           UNITED STATES MAGISTRATE JUDGE

11

12

   APPEARANCES:

13

   For the Government:       Robert W. Kern,

14                       Assistant United States Attorney
                       801 West Superior Avenue

15                       400 U.S. Court House
                       Cleveland, Ohio   44113

16                       (216) 622-3600

17   For the Defendant:       Ian Friedman, Esq.

18

19

20

21

22

23

24

25

1     THE CLERK:  The Court calls Case Number

2 5:09CR400, United States of America versus Scott Graham.

3     THE COURT:  We're here for an initial

4 appearance, arraignment and plea.

16:05:18 5     Why don't you have the defendant come up to

6 the podium?

7     First of all, since this is an initial

8 appearance, I want to advise the defendant that he is not

9 required to make any statement.  That if defendant has made

16:05:44 10 a statement, he need say no more.  If the defendant starts

11 to make a statement, he may stop at any time.  Any statement

12 made by defendant may be used against him.

13     I have been informed that Mr. Graham wishes to

14 plead guilty to the charges presented.

16:06:30 15     Is my understanding correct?

16     MR. FRIEDMAN:  You are understanding that

17 correctly, Your Honor.

18     And I am Ian Friedman on behalf of Mr. Graham.

19 Thank you.

16:06:38 20     THE COURT:  Pardon me?

21     MR. FRIEDMAN:  I am Ian Friedman, Mr. Graham's

22 counsel.

23     THE COURT:  Right.  Right.

24     MR. FRIEDMAN:  You are understanding that

16:06:52 25 correctly.

1          THE COURT:  Oh, okay.

2                Mr. Graham, is that your signature on the

3     consent to order referral to a Magistrate Judge for purposes

4     of receiving your plea of guilty?

16:07:12  5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Okay.  Have you discussed this

7     consent with your attorney?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Do you understand that you have a

16:07:20 10   right to offer your plea of guilty to a Federal District

11    Judge?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Do you understand by giving this

14    consent to my jurisdiction, you give up the right to offer

16:07:28 15   your guilty plea to the District Judge?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Do you still wish to proceed with

18    your plea before me?

19         THE DEFENDANT:  Yes, your Honor.

16:07:36 20         THE COURT:  The purposes of this proceeding

21    are as follows:

22               Number one, to establish that you're competent

23    to make a plea.

24               Number two, to make sure that your plea is

16:07:50 25   free and voluntary.

1          Number three, to be certain that you

2   understand the charges that are asserted against you, the

3   maximum penalties for those charges, and the constitutional

4   rights that you are giving up by pleading guilty.

16:08:00  5          Number four, to determine that there's a

6   factual basis for the plea.

7          And, number five, to receive your plea.

8          Do you understand that?

9          THE DEFENDANT:  Yes, your Honor.

16:08:06 10          THE COURT:  Okay.  Before accepting your

11   guilty plea, there are a number of questions the Court will

12   ask you to assure that it is a valid plea.  If you do not

13   understand any of the questions or at any time wish to

14   consult with your attorney, please say so since it is

16:08:34 15   essential to a valid plea that you understand each question

16   before you answer.

17          Okay?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Okay.  Would you raise your right

16:08:44 20   hand?

21          (Defendant sworn).

22          THE COURT:  Okay.  Do you understand, having

23   been sworn, your answers to the Court's questions may be

24   used against in you a later prosecution for perjury of

16:08:58 25   making a false -- or making a false statement if you do not

1    answer truthfully?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  State your full name.

4              THE DEFENDANT:  Scott Terry Graham.

16:09:06  5    THE COURT:  State your age.

6              THE DEFENDANT:  Thirty-eight.

7              THE COURT:  How far did you go in school?

8              THE DEFENDANT:  Master's.

9              THE COURT:  Master's in what?

16:09:14 10    THE DEFENDANT:  Master's in health care

11   administration, sir.

12             THE COURT:  Okay.  Are you a U.S. citizen?

13             THE DEFENDANT:  Yes, sir.  Yes, your Honor.

14             THE COURT:  Are you able to speak and

16:09:24 15   understand English?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Counsel, have you been able to

18   communicate with the defendant?

19             MR. FRIEDMAN:  I have, Your Honor.

16:09:30 20    THE COURT:  Have you ever been treated for any

21   mental illness or addiction to narcotic drugs of any kind?

22             THE DEFENDANT:  No, Your Honor.

23             THE COURT:  Have you taken any drug or

24   medication or alcoholic beverage of any kind within the past

16:09:40 25   24 hours?

1           THE DEFENDANT:  No, Your Honor.

2           THE COURT:  Do either of you have any reason

3    to doubt the defendant's competence to plead at this time?

4           MR. FRIEDMAN:  No, Your Honor.

16:09:50  5           MR. KERN:  No, Your Honor.

6           THE COURT:  Okay.  Do you realize that you

7    have a right to be represented by an attorney at every stage

8    of your case, and if you cannot afford to hire your own

9    counsel, one will be provided?

16:10:06 10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  Now, I have before me a waiver of

12    indictment which states as follows:  "I, Scott Graham, the

13    above named defendant who is accused of illegal interception

14    of electronic communications, in violation of Title 18,

16:10:22 15    United States Code, Section 255" -- I'm sorry -- "2511(a),

16    being advised of the nature of the charges, the proposed

17    Information, and of my rights, hereby waive in open court on

18    September 30th, 2009 prosecution by indictment and consent

19    that the proceeding may be by Information rather than

16:10:46 20    indictment."

21           Do you understand that?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  And you've already signed that, is

24    that correct?

16:10:50 25           THE DEFENDANT:  Yes, your Honor.

1  THE COURT:  Okay.  And your attorney has also

2  signed it?

3  MR. FRIEDMAN:  Yes, your Honor.

4  If I may, respectfully, I know it's just an

16:11:00  5  oversight, the Code section that was just read by the Court,

6  2511, the Court had stated (a), and just to be precise for

7  the record it's 18, United States Code, 2511(1)(a).

8  THE COURT:  Okay.  So there's a "(1)" missing

9  in there?

16:11:18  10  MR. FRIEDMAN:  Correct.

11  THE COURT:  All right.

12  MR. FRIEDMAN:  Not -- not on the paper, but

13  just as recited onto the record.

14  MR. KERN:  No, it's missing on the paper, too.

16:11:28  15  MR. FRIEDMAN:  Is it on the paper?

16  THE COURT:  Well, I read the paper.

17  THE CLERK:  Yeah.

18  MR. KERN:  Yeah.

19  MR. FRIEDMAN:  Oh, I didn't even have that

16:11:42  20  before me then.  I apologize.

21  Correct.  There's a "(1)" missing.

22  THE COURT:  Well, I'll just insert it.

23  MR. KERN:  Thank you, Your Honor.

24  THE COURT:  Just put a parentheses around it.

16:11:50  25  All right.

1                    Not that I don't read things incorrectly,

2       but --

3                    MR. FRIEDMAN:  Apologize.  I always hate to

4       call out a federal magistrate, so --

16:12:02 5               THE COURT:  Well, that's all right.  To err is

6       human.

7                    MR. FRIEDMAN:  That's right.

8                    THE COURT:  To forgive is divine.

9                    MR. FRIEDMAN:  Thank you.

16:12:08 10              THE COURT:  All right.  Have you received a

11      copy of the Information?

12                   THE DEFENDANT:  Yes, your Honor.

13                   THE COURT:  Have you had ample opportunity to

14      discuss the charges with your attorney?

16:12:24 15              THE DEFENDANT:  Yes, your Honor.

16                   THE COURT:  Have you told your counsel

17      everything you know about this case?

18                   THE DEFENDANT:  Yes, your Honor.

19                   THE COURT:  Has Mr. Friedman fully informed

16:12:32 20     you of the facts and circumstances which form the basis for

21      the charge in the Information and any defenses you might

22      have?

23                   THE DEFENDANT:  Yes, your Honor.

24                   THE COURT:  Did he tell you about his

16:12:42 25     discussions with the attorney for the government?

1            THE DEFENDANT:  Yes, your Honor.

2            THE COURT:  Is your willingness to plead

3    guilty the result of discussions that your attorney has had

4    with the attorney for the government?

16:12:52 5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  Are you satisfied with your

7    attorney's representation and advice given to you in this

8    case?

9            THE DEFENDANT:  Yes, your Honor.

16:12:58 10            THE COURT:  Let me go over the elements of the

11    charge with you as I'm required to do so by law.

12            Did Mr. Friedman explain to you each and every

13    essential element of the charge for which you are proffering

14    this plea of guilty?

16:13:10 15            THE DEFENDANT:  Yes, your Honor.

16            THE COURT:  You are pleading guilty to the

17    single count of the Information charging you with committing

18    the illegal interception of wire and electronic

19    communications, in violation of 18, United States Code,

16:13:24 20    Section 255 -- I'm sorry -- 2511(1)(a)?

21            THE DEFENDANT:  Yes, your Honor.

22            THE COURT:  I think I got that right.  All

23    right.

24            In order to sustain its burden of proof for

16:13:38 25    the crime of illegal interception of wire and electronic

```
 1    communications, the government must prove the following

 2    essential elements beyond a reasonable doubt.

 3              One, you intentionally intercepted and

 4    endeavored to intercept or procured another person to

 5    intercept or to endeavor to intercept any wire or oral

 6    communication; and, two, that you acted knowingly.

 7              Do you understand --

 8              THE DEFENDANT:  Yes, your Honor.

 9              THE COURT:  -- the elements?

10              THE DEFENDANT:  Yes, sir.

11              THE COURT:  Okay.  All right.  Do you

12    understand that the single count in the Information requires

13    that you serve a maximum penalty of five years' imprisonment

14    plus a fine of $250,000, or both?

15              THE DEFENDANT:  Yes, your Honor.

16              THE COURT:  Okay.  In addition, in Paragraph 3

17    of the plea agreement it states "The maximum fine that the

18    Court may impose is the greater of the statutory maximum

19    stated above or twice the gross pecuniary loss or gain from

20    the offense of conviction."

21              Do you understand that?

22              THE DEFENDANT:  Yes, your Honor.

23              THE COURT:  And you've agreed to that in the

24    plea agreement?

25              THE DEFENDANT:  Yes, your Honor.
```

1            THE COURT:  Okay.  Are you aware that the

2   crime charged in the sole count in the Information is

3   probationable and that you will be eligible for a sentence

4   of probation?

16:15:08 5            You could receive up to five years, but not

6   less than one year of probation.

7            THE DEFENDANT:  Yes, your Honor.

8            THE COURT:  In addition, the Court may include

9   a term of supervised release of three years.  Supervised

16:15:20 10   release is a term of supervision in addition to and

11   following any term of imprisonment imposed by the Court.

12            Do you understand if the Court finds that you

13   have violated a condition of supervised release, it may send

14   you back to prison for up to two years, regardless of how

16:15:36 15   much of your term of supervised release you served before

16   you violated a condition?

17            THE DEFENDANT:  Yes, your Honor.

18            THE COURT:  Do you understand if the Court

19   sends you back to prison for less than two years, it may

16:15:50 20   impose a further term of supervised release following

21   imprisonment?

22            THE DEFENDANT:  Yes, your Honor.

23            THE COURT:  In addition, you may be ordered to

24   make restitution in the form of money or services in lieu of

16:16:00 25   money to the victims of the offenses or make restitution to

1    a person or organization designated by the victims or the

2    victims' estate?

3                    THE DEFENDANT:  Yes, your Honor.

4                    THE COURT:  In this case under Paragraph 13 of

16:16:10  5    the plea agreement, you've agreed as follows:  "The

6    defendant agrees to pay restitution to Akron General

7    Children's Hospital, Akron Children's Hospital, in the

8    amount of $33,000 for losses caused by defendant's relevant

9    conduct in this case as defined under Guidelines Section

16:16:24 10    1B1.3.  Defendant understands that any restitution ordered

11    will be due and payable immediately on such terms and

12    conditions as the Court may impose.

13                    "Defendant agrees not to seek the discharge of

14    any restitution obligation in whole or in part in any

16:16:38 15    present or future bankruptcy proceeding."

16                    Do you understand that?

17                    THE DEFENDANT:  Yes, your Honor.

18                    THE COURT:  You've agreed to that in the plea

19    agreement?

16:16:44 20                    THE DEFENDANT:  Yes, your Honor.

21                    THE COURT:  Okay.  Have the victims been

22    provided notice of a plea hearing pursuant to the Justice

23    For All Act?

24                    MR. KERN:  Yes, they have, Your Honor.

16:17:02 25                    THE COURT:  Okay.  Further, since this is a

1  felony, there's a hundred dollar special assessment which

2  shall be imposed and is due and payable at the time of

3  sentencing.

4          You may be required to pay the costs of

16:17:18  5  imprisonment or supervised release or probation, if granted.

6          You may be required to forfeit certain

7  property to the government.

8          The Court may order you to provide notice of

9  the convictions to victims.

16:17:28 10          For the record, the Court has been given a

11  signed written plea agreement.

12          Is that your signature, Mr. Graham?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Did you read and discuss the plea

16:17:36 15  agreement with your attorney before you signed it?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Mr. Kern, what does the substance

18  of the plea agreement provide?

19          MR. KERN:  Yes, your Honor.  May it please the

16:17:50 20  Court, the plea agreement provides that Mr. Graham would

21  waive indictment and enter a guilty plea to the one count

22  Information which charges the violation as the Court has

23  already gone over.

24          The defendant further agrees to pay

16:18:04 25  restitution to Akron Children's Hospital in the amount of

1    $33,000 to reimburse the hospital for damages caused by his

2    conduct.

3            The government agrees not to initiate any

4    additional charges against Mr. Graham arising from the facts

16:18:22  5    and circumstances related to this matter that are already

6    known to the United States Attorney's Office.

7            The plea agreement at Paragraph 12 contains a

8    waiver of the defendant's appellate and post-conviction

9    rights, substantially all of them.

16:18:42  10            The defendant does reserve the right to appeal

11    in three limited situations.

12            First, to the extent that any punishment would

13    be in excess of the statutory maximum.

14            Secondly, if the sentence were to exceed the

16:18:56  15    maximum of the sentencing range determined under the

16    advisory Guidelines in accordance with the stipulations and

17    computations set forth in the plea agreement, and if there

18    were any alleged errors in calculating his criminal history

19    score.

16:19:12  20            The plea agreement also does -- reserves or as

21    the defendant would always have the right to challenge on

22    appeal or collateral attack any claims of prosecutorial

23    misconduct or ineffective assistance of counsel.

24            Paragraph 13, as the Court has already

16:19:30  25    reviewed, covers the defendant's agreement to make

1    restitution to the hospital.

2              In Paragraph 14, the parties have agreed to

3    recommend that the Court impose a sentence of the kind and

4    within the range determined under the advisory Guidelines in

16:19:46  5    accordance with the computations and stipulations in the

6    plea agreement.

7              Specifically, the United States Attorney's

8    Office will not request a sentence higher than the advisory

9    Guideline range, and the defendant has agreed not to request

16:19:58 10    a sentence lower than the range.

11              The parties have set forth what they believe

12    the Guidelines computation is in this case, using the

13    Guidelines manual in effect as of November 1st, 2008.

14              Under Guideline Section 2H3.1, the base

16:20:20 15    offense level is nine.  There were no enhancements, for a

16    subtotal of nine prior to acceptance of responsibility.

17              The government believes at this time that

18    there's no reason not to give Mr. Graham credit for

19    acceptance of responsibility.

16:20:40 20              If the Court agrees with that, and assuming

21    that Mr. Graham's conduct between now and the time of

22    sentencing does not show any problems in that regard, the

23    two-level reduction for acceptance of responsibility would

24    result in a total adjusted offense level of seven.

16:21:02 25              There is no agreement regarding Mr. Graham's

1    criminal history category.  He understands that his criminal

2    history score will be computed by the Court following the

3    completion of the pre-sentence investigation report.

4            The plea agreement also sets forth that the

5    defendant understands that the recommendations and

6    stipulations in the plea agreement are just that, they're

7    recommendations to the Court.  They're not binding upon the

8    Court.  And that the Court will be determining the

9    applicable sentencing range, whether there's any basis to

10   depart from that range, and ultimately what sentence should

11   be imposed in the case.

12           Mr. Graham understands that if he's not happy

13   with the sentence that's imposed by the Court, that that

14   does not give him a right to withdraw his guilty plea.

15           The plea agreement also contains consequences

16   if the plea agreement is breached by the defendant,

17   basically that if the plea or the conviction in the case are

18   set aside, rejected or vacated at any time, the U.S.

19   Attorney's Office is then released from all of its

20   obligations under the agreement, may institute or maintain

21   any charges, make any recommendations with respect to

22   sentencing that might otherwise be prohibited under this

23   agreement.

24           He understands that in such a situation, the

25   U.S. Attorney's Office may use all information from any of

1    his sworn or unsworn statements against him or to impeach

2    him or any witnesses called on his behalf.

3              And the defendant also understands that a

4    breach of the agreement by him will not entitle him to

16:22:48  5    withdraw, vacate, or set aside his plea or conviction.

6              The plea agreement is binding only on the U.S.

7    Attorney's Office for the Northern District of Ohio.  It

8    does not bind any other federal, state or local governmental

9    bodies.

16:23:16 10              And I believe other than indicating that

11    Mr. Graham is satisfied with the representation that

12    Mr. Friedman has provided, and that the agreement has been

13    entered into voluntarily, and that no threats or promises

14    have been made either directly or indirectly to enter the

16:23:36 15    plea or to not enter a plea, other than the factual basis,

16    Your Honor, that would be the terms of the agreement.

17              THE COURT:  Mr. Friedman, has the substance of

18    the plea agreement been correctly stated by Mr. Kern?

19              MR. FRIEDMAN:  It has, Your Honor.

16:23:52 20              THE COURT:  Does the plea agreement represent

21    in its entirety the understanding you have with the

22    government?

23              THE DEFENDANT:  It does, Your Honor.

24              THE COURT:  Mr. Graham, is that your

16:24:12 25    understanding of the plea agreement?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Is there anything about the plea

3  agreement that you do not understand?

4          THE DEFENDANT:  No, Your Honor.

16:24:18 5          THE COURT:  Has anyone made any other or

6  different promises or assurances to get you to plead guilty

7  in this case?

8          THE DEFENDANT:  No, Your Honor.

9          THE COURT:  Mr. Graham, do you understand that

16:24:26 10  the terms of your plea agreement, which also encompasses the

11  advisory Guideline range contemplated by the parties, are

12  merely recommendations to the Court; that the Court can

13  reject recommendations, and if it imposes a sentence that is

14  more severe than you may anticipate from the Guideline

16:24:42 15  calculations set forth in your plea agreement, you would not

16  be permitted to withdraw your guilty plea?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  In your plea agreement, at

19  Paragraph 14 entitled sentencing stipulations and

16:25:06 20  agreements, recommendation to use the Sentencing Guideline

21  computation, states as follows:  "After considering the

22  sentencing factors in 18, U.S.C., Section 3553(a), the

23  parties agree to recommend that the Court impose a sentence

24  of the kind and within the range determined pursuant to the

16:25:22 25  advisory Sentencing Guidelines in accordance with the

1    computations and stipulations set forth below.

2              "The United States Attorney's Office will not

3    request a sentence higher than the advisory Sentencing

4    Guideline range, and the defendant will not request a

16:25:36  5    sentence lower than the advisory Sentencing Guideline

6    range."

7              Do you understand that?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  And you agree to that in the plea

16:25:42 10   agreement?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Do you understand that

13   you're -- you are agreeing that your sentence will be

14   governed by the Federal Sentencing Guidelines?

16:25:52 15            In other words, the Court will sentence you

16   within the appropriate advisory range determined by the

17   Court at your sentencing hearing.

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Have you and your attorney talked

16:26:00 20   about how the Sentencing Commission Guidelines might apply

21   to your case?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Do you understand that the

24   Sentencing Commission Guidelines are no longer mandatory?

16:26:10 25            In other words, the District Judge is not

1    bound to apply the Guidelines.  However, the Guidelines are

2    advisory, and he must calculate the applicable Guideline

3    range and take that into account when he imposes a sentence.

4                He must also consider possible departures

16:26:22 5    under the Guidelines or any other sentencing factors under

6    18, United States Code, Section 3553(a).

7                Do you understand that?

8                THE DEFENDANT:  Yes, your Honor.

9                THE COURT:  Has anyone made any prediction,

16:26:34 10   prophecy, or promise to you as to what your sentence will

11   be?

12               THE DEFENDANT:  No, Your Honor.

13               THE COURT:  Have you asked your attorney what

14   your sentence will be?

16:26:46 15               Did he give you some estimates?

16               THE DEFENDANT:  Yes, your Honor.

17               THE COURT:  Okay.  Do you understand that the

18   Court will not be able to determine your sentence for your

19   case until after the pre-sentence report has been completed?

16:26:58 20               THE DEFENDANT:  Yes, your Honor.

21               THE COURT:  Do you understand that you will

22   not be able to withdraw your plea if the sentence imposed is

23   different from any estimate your attorney may have given

24   you?

16:27:06 25               THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  Do you understand that parole has

2   been abolished, and if you are sentenced in prison, you will

3   not be eligible for early release on parole?

4          THE DEFENDANT:  Yes, your Honor.

16:27:20  5          THE COURT:  What did you do in connection with

6   the acts charged in the single count in the Information?

7          MR. FRIEDMAN:  Are you asking him the specific

8   conduct, Your Honor?

9          THE COURT:  Yeah, what --

16:27:44  10          THE DEFENDANT:  I --

11          THE COURT:  -- factual basis is there for this

12   plea?

13          THE DEFENDANT:  I -- over hearsay I found

14   there's a different case that I was involved in, retaliation

16:28:12  15   case, that this kind of ties into, and I found out that the

16   person who came forward to tell me and I actually -- I

17   actually went to the director of the hospital and

18   made -- made a statement to them based on this girl's

19   testimony or this girl's statement she was raped.

16:28:42  20          And I was retaliated against after I made that

21   statement.  And within a year, I found out that this person

22   may not have been so honest, and I went and I paid $114 for

23   a spy program and I confirmed my suspicion.

24          And I regret doing that and --

16:29:18  25          MR. FRIEDMAN:  What was your understanding of

1    the spy program, what it was going to do?

2                THE DEFENDANT:  Basically it would just go

3    through the e-mail and I would get e-mail -- it would open

4    up an e-mail that was sent to her, her account, but it was

16:29:32  5    also that e-mail was set up for both of us.  We both set it

6    up and wrote to each other on that e-mail.

7                THE COURT:  Okay.  Is that related to the

8    protection order --

9                THE DEFENDANT:  Yes, your Honor.

16:29:46 10               THE COURT:  -- in Medina Common Pleas Court,

11   Case Number 08CRE0749, is that correct?

12               THE DEFENDANT:  Yes, your Honor.

13               And that person also has the same protection

14   order against her as well during that period.  There might

16:30:06 15  be some difference in the order, but it's basically the

16   same.

17               THE COURT:  Okay.  What in summary would be

18   the government's evidence as to this count?

19               MR. KERN:  Yes, your Honor.  Were the case to

16:30:14 20  proceed to trial, the evidence would establish by proof

21   beyond a reasonable doubt that between February 29th of 2008

22   and March 28th of 2008, in this district, that Mr. Graham

23   intentionally intercepted and endeavored to intercept

24   electronic communications, in violation of Title 18, United

16:30:36 25  States Code, Section 2511(1)(a).

1          Specifically, Your Honor, the evidence would

2     show that on or about February 27th of 2008, Mr. Graham

3     purchased a computer software program over the Internet

4     known as Spy Agent, Spy Anywhere Suite, Stealth Edition,

16:30:56  5     Full Version and a one year subscription to a stealth e-mail

6     account for $114.85.

7          The evidence would show that Spy Agent, Spy

8     Anywhere is a software program, is a real-time monitoring

9     program that secretly monitors or spies upon all computer

16:31:18 10     activity on a victim's computer without their knowledge and

11     transmits the captured information or data, including all

12     the key strokes that are entered on the computer, to a

13     stealth e-mail account.

14          The evidence would show that on or about

16:31:32 15     March 19th of 2008, Mr. Graham intentionally sent an e-mail

16     containing an attachment with this malicious code or

17     commands to a Yahoo e-mail account of a woman with whom

18     Mr. Graham had previously had a personal relationship,

19     knowing that when the attachment to the e-mail was opened,

16:31:52 20     that the spyware monitoring software would be

21     surreptitiously installed on the woman's computer, thereby

22     enabling Mr. Graham to remotely monitor all activity on her

23     computer.

24          The evidence would also show that on or about

16:32:06 25     the same date, March 19th, the woman opened Mr. Graham's

1    e-mail containing the malicious code, thereby deploying the

2    spyware monitoring software on the computer she was using at

3    the time.

4              However, the computer upon which the spyware

16:32:24  5    was installed was not her personal computer but rather it

6    was a computer owned by Akron Children's Hospital and was

7    located in the pediatric cardiac surgery department of the

8    hospital.

9              The evidence would also show that between

16:32:38 10    March 19th, 2008 and March 28th of 2008, that this

11    monitoring software was also opened and installed on at

12    least one other computer owned by Akron Children's Hospital,

13    thereby subjecting it to surreptitious real-time monitoring

14    by this stealth e-mail program that Mr. Graham had launched.

16:33:04 15              Subsequent reviews of the stealth e-mail

16    account and forensic examination of the computers at Akron

17    Children's Hospital that were affected between -- show that

18    between March 19th of 2008 and March 28th of 2008, that this

19    spyware key stroke logger intentionally originally

16:33:26 20    transmitted by Mr. Graham had captured approximately 1,040

21    screen views or snapshots of information displayed on the

22    Akron Children Hospital monitors, on the computers, and had

23    transmitted the data to the stealth e-mail account

24    maintained by Mr. Graham.

16:33:46 25              Evidence would show that of these 1,040 screen

1    views, approximately 920 of them contained confidential

2    patient information regarding 62 patients of the hospital

3    and also include their personal identifier information and

4    medical information of the patients.

16:34:06   5         The information captured for 14 of the

6    patients related to medical procedures and/or diagnostic

7    notes.

8         The evidence would also show that the other

9    120 screen views captured by Mr. Graham's program contained

16:34:24  10    various information, including personal e-mail and financial

11    records of four other hospital employees who apparently

12    utilized the affected computers to access the Internet

13    during this time period.

14         THE COURT:  Does counsel agree with the

16:34:42  15    summary?

16         MR. FRIEDMAN:  I do, Your Honor.

17         THE COURT:  Do you agree with the prosecutor's

18    summary of what you did?

19         THE DEFENDANT:  Yes, your Honor.

16:34:48  20         THE COURT:  It's basically what was recited in

21    the plea agreement which you've already agreed to and

22    signed, is that correct?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  Is there anything he stated that

16:34:58  25    was not correct?

1          THE DEFENDANT:  No, Your Honor.

2          THE COURT:  Pardon me?

3          THE DEFENDANT:  No, Your Honor.

4          THE COURT:  Oh, okay.  The Court finds a

16:35:02  5   factual basis for the plea.

6          Do you understand that you have the right to a

7   jury trial; that is, your right to have twelve people from

8   the community decide your case?  In order to return a

9   verdict against you, all twelve jurors would have to agree

16:35:22 10   upon their verdict and the verdict would have to be

11   unanimous.

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Do you further understand that if

14   you went to trial, you would be entitled to the assumption

16:35:32 15   of innocence which means that you do not have to prove that

16   you were innocent?

17          In other words, you do not have to prove to

18   those twelve jurors that you did not commit the crime.  That

19   is up to the government to prove.

16:35:42 20          Do you understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  You have the right to require the

23   government to prove each and every element of the charge

24   beyond a reasonable doubt, and if the government fails to

16:35:52 25   prove any one element of the charge, you must be found not

1    guilty of the charge or any one of the charges that the

2    government could not prove all the elements.

3             And if you went to trial, you would have the

4    right to confront the witnesses presented by the government,

16:36:10  5    which means you would have the right to cross-examine and

6    challenge the testimony of the witnesses that would testify

7    against you.

8             Do you understand that?

9             THE DEFENDANT:  Yes, your Honor.

16:36:20 10             THE COURT:  Do you further understand that in

11    a criminal case, the burden of proof never shifts to the

12    defendant.  That there's no burden on you to prove your

13    innocence.

14             That if you went to trial, that you cannot be

16:36:30 15    compelled to take the witness stand and testify against

16    yourself, and that the government could not comment on your

17    refusal or failure to testify.

18             Do you understand that?

19             THE DEFENDANT:  Yes, your Honor.

16:36:38 20             THE COURT:  However, if you decide to call

21    witnesses to testify in your behalf, you would have the

22    right to compulsory process which is simply the right to

23    compel the presence of any witness you want to call at trial

24    through the subpoena power of the Court.

16:36:54 25             Do you understand that each of these trial

1    rights are waived if the District Judge accepts your guilty

2    plea?

3                    THE DEFENDANT:  Yes, your Honor.

4                    THE COURT:  Finally, if you went to trial and

16:37:02  5    you were found guilty, you would have the right to appeal

6    your conviction.  This is an absolute right.

7                    And if you're unable to hire an attorney to

8    represent you on appeal and it is determined that you are

9    indigent, the Court would appoint a lawyer to represent you.

16:37:14  10                    And if you cannot afford to pay the cost of

11    filing your appeal, the Court would grant you ten days

12    within which to file your appeal without paying the costs.

13                    Do you understand that you're giving up those

14    appellate rights as well when you enter a plea of guilty?

16:37:36  15                    THE DEFENDANT:  Yes, your Honor.

16                    THE COURT:  Now, there's a waiver of appellate

17    rights in your plea agreement which differs from the waiver

18    of appellate rights that I just went over with you.  I'm

19    going to distinguish the two for you.

16:37:44  20                    If you went to trial and you were convicted,

21    you would have the right to appeal the merits of your case.

22    Ordinarily you have the right to challenge your conviction

23    by filing an appeal or writ of habeas corpus if you believe

24    your guilty plea was somehow unlawful or involuntary.

16:37:58  25                    Do you understand that?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  You also have a statutory right to

3     appeal your sentence under certain circumstances,

4     particularly if you think the sentence is contrary to law.

16:38:08    5          The government also has the right to appeal

6     the sentence if it believes it is contrary to the law.

7          However, the defendant may waive those rights

8     as part of a plea agreement.  And you have entered into a

9     plea agreement which waives some or all of your rights to

16:38:20   10     challenge the judgment or conviction and the sentence by way

11     of appeal or habeas corpus.

12          Do you understand that?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Such waivers are enforceable, but

16:38:30   15     if you believe the waiver is unenforceable, you can present

16     that theory to the Appellate Court.

17          Now, Paragraph 12 of your plea agreement

18     entitled waiver of appeal and post-conviction attack, you

19     agreed as follows:  "Defendant acknowledges having been

16:38:48   20     advised by counsel of defendant's right in limited

21     circumstances to appeal the conviction or sentence in this

22     case, including the appeal right conferred by 18, United

23     States Code, Section 3742 and to challenge the conviction or

24     sentence collaterally through a post-conviction proceeding,

16:39:04   25     including a proceeding under 28, U.S.C., Section 2255.  The

1   defendant expressly waives those rights except as reserved

2   below.

3        "The defendant reserves the right to appeal:

4   A, any punishment in excess of the statutory maximum; B, any

16:39:18 5   sentence to the extent it exceeds the maximum of the

6   sentencing range determined under the advisory Sentencing

7   Guidelines and in accordance with the sentencing

8   stipulations and computations in this agreement using the

9   criminal history category found applicable by the Court;

16:39:38 10   and, C, any alleged errors in the calculation of his

11   criminal history category.

12        "Nothing in this paragraph shall act as a bar

13   to the defendant perfecting any legal remedies defendant may

14   otherwise have on appeal or collateral attack respecting

16:40:02 15   claims of ineffective assistance of counsel or prosecutorial

16   misconduct."

17        Do you understand that?

18        THE DEFENDANT:  Yes, your Honor.

19        THE COURT:  And you've agreed to that in the

16:40:08 20   plea agreement?

21        THE DEFENDANT:  Yes, your Honor.

22        THE COURT:  Has anyone made any promises,

23   other than the plea agreement, that induced you to plead

24   guilty?

16:40:20 25        THE DEFENDANT:  No, Your Honor.

1          THE COURT:  Has anyone threatened or forced

2     you in any way to plead guilty?

3          THE DEFENDANT:  No, Your Honor.

4          THE COURT:  Having discussed your rights with

16:40:28  5     you, do you still want to plead guilty?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Please state your plea.

8          THE DEFENDANT:  Guilty, Your Honor.

9          THE COURT:  Are you pleading guilty to the

16:40:38 10     offense because you are, in fact, guilty of the offense

11     charged in the single count in the Information?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  The Court, having fully advised

14     the defendant of the effect of his plea, finds the plea has

16:40:48 15     been freely and voluntarily made with full knowledge of the

16     consequences.

17          And since the defendant has acknowledged that

18     he is, in fact, guilty of the charge, I recommend that the

19     District Judge approve the plea agreement and accept the

16:41:08 20     plea of guilty and adjudge the defendant guilty of the

21     offense charged in the single count of the Information.

22          This matter is continued pending a

23     pre-sentence investigation and report.

24          Mr. Graham, you will be asked to give

16:41:22 25     information for the report, at which time your attorney may

1    be present if you so desire.

2                    Do you understand that?

3                    THE DEFENDANT:  Yes, your Honor.

4                    THE COURT:  The Court will permit you and your

16:41:30 5    counsel to read the pre-sentence report before the

6    sentencing hearing, and you can make objections or request

7    corrections that you think are appropriate.

8                    And, of course, you and your attorney will

9    have an opportunity to speak at the sentencing hearing.

16:41:40 10                    Do you understand that?

11                    THE DEFENDANT:  Yes, your Honor.

12                    THE COURT:  Now, we have a date for

13    sentencing.  We have it somewhere in here.

14                    February 10th, 2010 at 10:00 a.m. before Judge

16:41:58 15    Economus.  He's on the third floor of this building.  That's

16    February 10th, 2010 at 10:00 a.m.

17                    Mr. Graham, failure to appear for sentencing

18    is a criminal offense, and any sentence imposed as a result

19    shall be consecutive to the sentence for the offense to

16:42:36 20    which you have pled guilty.

21                    Do you understand that?

22                    THE DEFENDANT:  Yes, your Honor.

23                    THE COURT:  You have to make sure you're here.

24                    THE DEFENDANT:  Yes, your Honor.

16:42:42 25                    THE COURT:  Now, does the government object to

1    the Pretrial Services report on the recommendation of bond?

2                    MR. KERN:  No, Your Honor.  We concur with all

3    the recommendations in the report.

4                    THE COURT:  I assume defense counsel does,

16:42:54  5    too?

6                    MR. FRIEDMAN:  We do, Your Honor.

7                    And I've spoken with Mr. Graham, he will be

8    prepared to surrender the passport tomorrow.

9                    I think it's also important to note, Your

16:43:02 10    Honor, that Mr. Graham's been well-aware of these matters

11    for quite some time, is here, and as part of the restitution

12    has already made a check payable to my law firm and we are

13    prepared to write a check from the law firm for restitution

14    in full in this matter.

16:43:24 15                    So clearly I think that his actions --

16                    THE COURT:  Is that $33,000, is that what

17    you're talking about?

18                    MR. FRIEDMAN:  Correct, the $33,000.

19                    So we're just waiting on direction from

16:43:50 20    Pretrial Services and/or Probation, but clearly his -- his

21    actions dictate or say or are those of a person who intends

22    to see this case through.

23                    THE COURT:  Okay.  All right.  Well, let me go

24    over some of the terms of the bond for the sake of the

16:44:08 25    record.

1              This is an unsecured $25,000 bond.  Standard

2       conditions of release.  The defendant shall not commit any

3       offense in violation of federal, state, or local law while

4       on release in this case.

16:44:30  5              The defendant shall immediately advise the

6       Pretrial Service office, defense counsel, and the U.S.

7       Attorney in writing before any change in address and

8       telephone number.

9              The defendant shall refrain from possessing a

16:44:50 10     firearm, destructive device, or dangerous weapon.

11             Defendant's travel is restricted to the

12      Northern District of Ohio and/or subject to further order of

13      the Court.

14             Defendant shall refrain from use or unlawful

16:45:00 15     possession of a narcotic drug or other controlled substance

16      defined in 21, U.S.C., Section 802 unless prescribed by a

17      licensed medical practitioner.

18             The defendant shall appear at all proceedings

19      as required; shall surrender for service of any sentence

16:45:14 20     imposed as directed.

21             Defendant shall submit to Pretrial Services

22      supervision as directed, and submit to home or employment

23      visits by Pretrial Services as deemed necessary, and

24      promptly inform Pretrial Services of any address, phone

16:45:28 25     number or employment changes.

1          It is further ordered that if released, the

2   defendant is subject to the special conditions marked below.

3          The defendant shall surrender any passport to

4   the Clerk of Court no later than September 30th, 2009,

16:45:54 5   and/or obtain no new passport.

6          He shall avoid all contact directly or

7   indirectly with any persons who are or who may become a

8   victim or potential witness in the subject investigation or

9   prosecution.

16:46:08 10          He must maintain residence at his current

11   residence.

12          MR. FRIEDMAN:  Your Honor, if I may be heard

13   just simply on one other condition.

14          THE COURT:  Go ahead.

16:46:28 15          MR. FRIEDMAN:  Thank you.

16          Your Honor, as the first paragraph of the

17   Pretrial Services report, specifically under defendant

18   history, residence, family ties indicates, Mr. Graham has

19   been a member of the United States Navy since 1989.

16:46:46 20          The last sentence of that first paragraph,

21   "The defendant enlisted in the Navy Reserve 15 months ago

22   and is an active member," as we stand here today, he remains

23   an active member.

24          Each month at the end of the month for four

16:46:58 25   days he is to report for his duties in the Navy Reserve, and

1    at that time he does have a firearm, only while away.

2            And so I would ask the Court just to make a

3    specific exception that while on duty in the Navy Reserves

4    and away, that he do be able to have his Service firearm.

16:47:18  5            THE COURT:  Does the government have any

6    objection to that?

7            MR. KERN:  No, Your Honor.

8            Obviously following the sentencing, I think

9    that is probably going to change at some point, but for the

16:47:28  10    time being, we really have no reason to oppose that.

11            THE COURT:  Could I just say "Except on active

12    duty in the Navy Reserves"?

13            MR. FRIEDMAN:  That --

14            THE COURT:  Does that make sense?

16:47:46  15            MR. FRIEDMAN:  That should be sufficient.

16    Thank you.

17            THE COURT:  All right.  Why don't we have

18    everybody initial this?

19            THE CLERK:  Okay.

16:48:12  20            MR. FRIEDMAN:  Your Honor, Mr. Kern also

21    brought up a valid point, that the restriction to the

22    Northern District of Ohio probably also should have the

23    exception that when he is on active duty, so the firearm

24    provision and the travel provision.

16:48:30  25            THE COURT:  Where will he be on active duty?

| | | |
|---|---|---|
| | 1 | THE DEFENDANT:  Joliet, Illinois or Florida, |
| | 2 | Panama City, Florida. |
| | 3 | THE COURT:  And/or Illinois and Florida, why |
| | 4 | don't I just say "Illinois and Florida"? |
| 16:48:58 | 5 | MR. KERN:  That's fine, Your Honor. |
| | 6 | MR. FRIEDMAN:  Yes, your Honor. |
| | 7 | THE COURT:  I'm not going to say "Navy |
| | 8 | Reserves." |
| | 9 | Anything else? |
| 16:49:20 | 10 | MR. FRIEDMAN:  No.  Thank you, Your Honor. |
| | 11 | THE COURT:  That's it? |
| | 12 | MR. FRIEDMAN:  Yeah. |
| | 13 | MR. KERN:  Your Honor, just I guess Pretrial |
| | 14 | Services actually raised a good point, that the weapon that |
| 16:49:32 | 15 | he would have access to while he's on active duty, is that |
| | 16 | something that is maintained at the naval base or is that |
| | 17 | something that -- |
| | 18 | THE DEFENDANT:  Yes. |
| | 19 | MR. KERN:  -- he transports? |
| 16:49:46 | 20 | THE DEFENDANT:  No, it's maintained. |
| | 21 | MR. KERN:  It's at the base? |
| | 22 | THE DEFENDANT:  Yes. |
| | 23 | MR. KERN:  Okay.  All right.  Because they |
| | 24 | have a concern about having a weapon during -- at the |
| 16:50:24 | 25 | residence during the time he's on supervision.  That's -- |

```
 1                    THE COURT:  Okay.

 2                    MR. KERN:  That's the only concern.

 3                    THE COURT:  All right.  So we need to address

 4       that concern.

 5                    MR. KERN:  Okay.  Thank you, Judge.

 6                    MR. FRIEDMAN:  Just initial this?

 7                    (Discussion had off the record).

 8                    THE COURT:  You're going to have the passport

 9       tomorrow, is that correct?

10                    THE DEFENDANT:  Yes, your Honor.

11                    THE COURT:  Okay.  Because this says

12       September 30th.  I think we'll just leave it.  It's on the

13       record that you're going to turn it in tomorrow, which is

14       October 1st.

15                    THE DEFENDANT:  Yes, your Honor.

16                    THE COURT:  Okay.  Do you acknowledge you are

17       the defendant in this case and you are aware of the

18       conditions of release?

19                    THE DEFENDANT:  Yes, your Honor.

20                    THE COURT:  Do you promise to obey all

21       conditions of release, to appear as directed, and to

22       surrender for service of any sentence imposed?

23                    THE DEFENDANT:  Yes, your Honor.

24                    THE COURT:  And are you aware of the penalties

25       and sanctions set forth in the bond?
```

16:50:34 (line 5)
16:51:28 (line 10)
16:51:40 (line 15)
16:51:48 (line 20)
16:52:04 (line 25)

1            THE DEFENDANT:  Yes, your Honor.

2            THE COURT:  Okay.  Defendant is ordered

3     released after processing.

4            Has he been processed or --

16:52:22  5            MR. FRIEDMAN:  No, I don't believe so.

6            THE DEPUTY MARSHAL:  He has not, Your Honor.

7            THE COURT:  Okay.  So he'll have to go to the

8     Marshal's Office.

9            Anything further from defense counsel?

16:52:38  10            MR. FRIEDMAN:  No.  Thank you, Your Honor.

11            THE COURT:  Does the government have anything

12     further?

13            MR. KERN:  No, Your Honor.  Thank you.

14            THE COURT:  Okay.  We're adjourned then.

16:52:44  15            THE CLERK:  All rise.

16                   - - - - -

17            (Proceedings concluded)

18                   - - - - -

19

20

21

22

23

24

25

1                       C E R T I F I C A T E

2

3          I, Susan Trischan, within and for the State of Ohio,

4    do hereby certify that the above transcript is a true and

5    accurate record of the hearing held before Magistrate Judge

6    George J. Limbert.   This record was prepared from a tape

7    provided by the Court.

8

9

10

11

12

13   **/s/ Susan Trischan**
     /S/ Susan Trischan, RMR, CRR
14   7-189 U.S. Court House
     801 West Superior Avenue
15   Cleveland, Ohio    44113
     216-357-7087
16

17

18

19

20

21

22

23

24

25